**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2008 JAN 29 PM 3:19

JACKSONVILLE, FLORIDA

**UNITED STATES OF AMERICA,**

v.                                      Case No.      3:08-cv-34-J-20HTS
                                                      3:90-cr-47-J-20HTS

**JOSEPH A. SCURRY**
_____/

**ORDER**

This matter is before the Court is Defendant's "Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C.A. 2255" (Dkt. 328).

In the instant motion, Defendant maintains that he is entitled to thirty (30) days for credit, for time served as a result of a supervised release violation from a state charge, and that the Bureau of Prisons has not credited that time toward his sentence. Additionally, Defendant seeks this Court to direct the Bureau of Prisons to grant him "15% good time" on his sentence.

Initially this Court notes, neither the Supervised Release Revocation and Judgment and Commitment (Dkt. 315, Case No. 3:90-cr-47-J-20HTS) nor the Amended Supervised Release Revocation and Judgment and Commitment (Dkt. 316, Case No. 3:90-cr-47-J-20HTS) directs that Defendant is to receive of credit for time served on a state charge. Therefore, Defendant's first claim is without merit.

Second, while "[c]ourts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit." _Gonzalez v. U.S._, 959 F.2d 211, 212 (11th Cir. 1992). Therefore, the proper vehicle by which a defendant can challenge the Bureau of Prison's withholding of good time credit is pursuant

to 28 U.S.C. § 2241. Even if this Court were to construe the instant petition as a writ of habeas corpus, Defendant must first exhaust his administrative remedies. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). Having failed to exhaust those remedies, Defendant's second ground for relief must be denied.

Accordingly, it is **ORDERED**:

Defendant's "Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C.A. 2255" (Dkt. 328) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 29 day of January, 2008.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Joseph A. Scurry, *pro se*
Arnold B. Corsmeier, Esq.

2